UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYRONE DENNY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-02060-SEB-MJD |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Tyrone Denny's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case CIC 18-12-0080. For the reasons explained in this Order, Mr. Denny's petition is **granted**.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

CIC 18-12-0080 began with the following conduct report, written on December 6, 2018, by Investigator S. Jones:

> On 12/6/2018 while reviewing phone calls at 9:14am, a call was placed on 8-28-2018 at 19:48. During that phone call offender Denny, Tyrone 160500 37L-3AS told the caller that "dot was supposed to get at him and and the one with the band, and the mother fucker with the 5 was supposed to get at him." Offender Denny is in code violation of a class B 220 Unauthorized Financial Transaction. With my training and experience a band is $1000 and the 5 is $500.

Dkt. 13-1.

It appears that Mr. Denny was convicted of violating Code B 220, but the conviction was vacated and set for a rehearing. There is no information in the record about the original disciplinary proceeding. This habeas action concerns only the rehearing.

The rehearing occurred on February 7, 2019. Dkt. 13-4. In his defense, Mr. Denny presented a written statement asserting that the conduct documented in the conduct report does not violate Code B 220. Dkt. 13-5. The hearing officer nevertheless found Mr. Denny guilty based on the conduct report and a recording of the telephone call. Dkt. 13-4. The hearing officer sanctioned Mr. Denny with the deprivation of 30 days' earned credit time and a demotion in credit-earning class. *Id.* The latter sanction was suspended. *Id.*

Mr. Denny's administrative appeals were denied. Dkts. 13-6, 13-7, 13-8.

## III. Analysis

Mr. Denny asserts that he is entitled to habeas corpus relief on several grounds. In this Order, the Court considers only one: that the hearing officer's decision was not supported by sufficient evidence. On this basis alone, Mr. Denny's petition merits habeas corpus relief.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence"

standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981. "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

An inmate violates Code B 220, "Engaging in Unauthorized Financial Transaction," by "[e]ngaging in or possessing materials used for unauthorized financial transactions." Dkt. 13-9 at § 220. "This includes the discussion of engaging in unauthorized financial transaction(s) with any other person." *Id.*

Investigator Jones' conduct report is "some evidence" that Mr. Denny discussed a financial transaction. Mr. Denny discussed two people. One person was thought to have a "band" and the other a "5," and Investigator Jones understood those terms to refer to amounts of money.

But Mr. Denny was not convicted of and deprived of credit time for discussing a financial transaction. He was convicted and punished for discussing an *unauthorized* financial transaction. The respondent asserts that, pursuant to Indiana Department of Correction policy:

> all of an offender's money is required to be held by IDOC in the offender's prison trust account while the offender is incarcerated, and IDOC may restrict any sources of funds sent to offenders and the disbursements that an offender may make. [. . .] An offender who sends or receives money outside of these authorized channels engages in an unauthorized financial transaction.

Dkt. 13 at 7 (internal citation omitted).

The conduct report provides minimal information about Mr. Denny's phone call: He told the caller that "dot" and two individuals with money were "supposed to get at him." Dkt. 13-1. A person considering this information alone could not fairly conclude that Mr. Denny was discussing a plan in which he would send or receive any money from anyone. More critically, a person could

3

not infer from that information that Mr. Denny was discussing a plan to send or receive money through avenues beyond his inmate trust account.

Neither the conduct report nor the respondent's response brief in this habeas action refers to any other statement made in the phone call. Accordingly, the Court finds no evidence in the record supporting the hearing officer's conclusion that Mr. Denny discussed an unauthorized financial transaction.

The respondent has attempted to file an audio recording of the phone call. *See* dkts. 14 and 17. Unfortunately, the format of this recording is incompatible with the Court's computer systems. But even if the Court could listen to the recording, and even if it contained incriminating statements by Mr. Denny, the respondent would not be entitled to prevail on those grounds. Because the respondent's briefing makes no reference to any passage from the recording beyond that described in the conduct report, he has waived any argument based on other portions of the recording. *See, e.g.*, *United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." (internal quotations omitted)); *United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 511 (7th Cir. 2010) ("[I]t was not the district court's job to sift through the record and make Connor's case for him."); *Albrechtsen v. Bd. of Regents of Univ. of Wis. Sys.*, 309 F.3d 433, 436 (7th Cir. 2002) ("Courts are entitled to assistance from counsel, and an invitation to search without guidance is no more useful than a litigant's request to a district court at the summary judgment stage to paw through the assembled discovery material.").

Mr. Denny may have been discussing a plan by which others would give money to him through avenues beyond his inmate trust account, but any conclusion to that effect would be speculative. No evidence in the record supports the conclusion that Mr. Denny was discussing an

unauthorized financial transaction. Accordingly, Mr. Denny's disciplinary conviction lacks the evidentiary support due process requires, and he is entitled to have that conviction vacated.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Because Mr. Denny was denied due process in CIC 18-12-0080, his petition for a writ of habeas corpus is **granted**. Mr. Denny's disciplinary conviction must be **vacated** and his sanctions **rescinded**. His earned credit time and credit-earning class must be **immediately restored**, and his new release date must be calculated accordingly.

The respondent reports that Mr. Denny's earliest release date is May 31, 2020. Dkt. 13 at 1. Considering the proximity of that date and the amount of credit time at issue in this case, the respondent shall have **through April 27, 2020**, to file notice confirming that he has restored Mr. Denny's credit time and identifying his recalculated release date.

Mr. Denny's motion to reconsider, dkt. [11], is **denied as moot**. His motion to dismiss and expunge the disciplinary charge, dkt. [12], is **granted** insofar as it seeks the relief described in the preceding paragraph but is **denied** to the extent it seeks any other relief. The respondent's motion to maintain document under seal, dkt. [15], is **granted**. The **clerk is directed** to maintain the manual filing acknowledged at dkts. 14 and 17 **under seal**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:      4/27/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

TYRONE DENNY
160500
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov